# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PAULA LARKINS,**
**Claimant Below, Petitioner**

**FILED**

February 24, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No.  16-0021** (BOR Appeal No. 2050725)
                          (Claim No. 2014036870)

**WEIRTON MEDICAL CENTER, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Paula Larkins by Raymond A. Hinerman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Weirton Medical Center, Inc., by Peter R. Rich, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 21, 2015, in which the Board affirmed the July 24, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 1, 2014, rejection of the claim and held the claim compensable for a lumbar strain. The Office of Judges held that the lumbar disc herniation was pre-existing and not compensable. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal is from a June 15, 2014, date of injury. Ms. Larkins, a licensed practical nurse, was injured on June 15, 2014, while she was helping a patient move from a sitting to a standing position. The claims administrator denied the claim on July 1, 2014, due to the unavailability of the medical records of James Graneto, D.C. The claims administrator advised Ms. Larkins that the decision could be reviewed once the medical records of Dr. Graneto were received. This protest followed.

1

In its July 24, 2015, Order, the Office of Judges reversed the claims administrator's denial of compensability and determined that Ms. Larkins had a compensable diagnosis of lumbar strain for the June 15, 2014, injury. The Office of Judges found Ms. Larkins had a long history of treatment for her lumbar spine, including having been diagnosed with an L5-S1 disc bulge and aggravation of pre-existing L5-S1 degenerative disc disease. She also had been awarded 9% permanent partial disability by the Industrial Commission of Ohio. The Office of Judges determined that Ms. Larkins had a pre-existing history of numbness and tingling in her feet. It determined that Ms. Larkins's history of her symptoms following the June 15, 2014, injury did not match the medical records. Therefore, the Office of Judges found the diagnosis of lumbar disc herniation to be pre-existing and not compensable.

Ms. Larkins had a history of lumbar spine problems dating back to at least August of 2006, when Dr. Graneto started treating her following a work injury. Ms. Larkins injured her back at work for the second time on October 6, 2006. That same day, Dr. Graneto diagnosed her with a bulging disc at L5-S1 and a substantial aggravation of pre-existing L5-S1 disc degeneration. Ms. Larkins had a third work injury on March 24, 2008. On October 29, 2008, Sheldon Kaffen, M.D., performed an independent medical evaluation. He noted Ms. Larkins said she experienced constant low back pain radiating to her left lower extremity. On December 11, 2008, Dr. Graneto noted Ms. Larkins had burning, aching, and stabbing pain in the low back with pins and needles, as well as stabbing, and aching sensation in her left leg. Ms. Larkins was awarded 9% permanent partial disability by the Ohio Industrial Commission on December 24, 2008, due to her October 6, 2006, injury. Shawn Donatelli, D.O., performed a series of lumbar epidural injections in 2009. Dr. Graneto continued to treat her in 2010.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on December 21, 2015. After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Larkins failed to submit the medical evidence necessary to prove the disc herniation is a compensable diagnosis for the June 15, 2014, injury. She had a longstanding pre-existing history of lumbar spine problems with numbness and tingling in both lower extremities. There is no medical evidence connecting the symptoms on June 15, 2014, to the herniated disc. Additionally, there is no evidence connecting the herniated disc to the June 15, 2014, injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 24, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker